

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| ANDRE JAMAAL GUYTON,<br>    Plaintiff, | § § § | |
| vs. | § § | Civil Action No.: 8:18-0609-MGL |
| UNITED STATES OF AMERICA,<br>FEDERAL CORRECTIONAL OFFICER<br>CHRISTOPHER BARSH, LIEUTENANT<br>CARLOTTA BLACKWELDER, CAPTAIN<br>JOE MORALES, ACTING CAPTAIN<br>CURTIS JONES,<br>    Defendants. | § § § § § § § § § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

Plaintiff Andre Jamaal Guyton (Guyton), proceeding pro se, filed this action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), and the Federal Tort Claims Act (FTCA). The Court has jurisdiction over this matter under 28 U.S.C. § 1331. Pending before the Court is the Magistrate Judge's Report and Recommendation (Report) recommending this Court grant in part and deny in part Defendants United States of America, Federal Correctional Officer Christopher Barsh, Lieutenant Carlotta Blackwelder, Captain Joe Morales, and Acting Captain Curtis Jones's (collectively, Defendants) motion to dismiss, or in the alternative, for summary judgment. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Court will address each specific objection to the Report in turn, but the Court need not—and will not—address any arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report. *See Orpiano*, 687 F.2d at 47.

The Magistrate Judge filed the Report on February 7, 2019. Defendants filed their objections on February 21, 2019, and Guyton filed his objection on February 22, 2019. The Court has carefully reviewed both parties' objections but holds them to be without merit. Therefore, it will enter judgment accordingly.

This case arises out of an incident that occurred while Guyton, a federal prisoner, was incarcerated at FCI Edgefield in South Carolina. Report at 2. According to Guyton, he was being transported from his cell to the law library when Defendant Barsh "began grabbing [Guyton]

2

between his legs and inappropriately touching his genitalia while escorting him to the SHU law library." *Id*. Guyton alleges Barsh violated his Eighth Amendment rights because Barsh sexually assaulted Guyton by rubbing and grabbing his genitals in a degrading manner. Guyton further claims Barsh's sexual assault constitutes negligence under the FTCA and Defendants Blackwelder, Morales, and Jones's inaction constitutes negligence under the FTCA. *Id*. at 2-3.

The Magistrate Judge recommends the Defendants' motion to dismiss should be (1) granted as to Guyton's *Bivens* claim against all Defendants; (2) granted as to Guyton's FTCA claim against Blackwelder, Morales, and Jones; and (3) denied as to Guyton's FTCA claim against the United States of America based on the alleged sexual assault by Barsh. Report at 16.

Guyton's purported objection fails to point to any specific alleged error in the Report and instead asks this Court for leave to amend his complaint. As the Magistrate Judge accurately stated in the Report, any amendment based on the facts alleged in the complaint would be futile because Guyton cannot state a claim pursuant to Bivens, nor can he allege a plausible FTCA claim against Defendants Blackwelder, Morales, and Jones. Therefore, the Court will overrule Guyton's objection and deny him leave to amend.

Defendants object to the Magistrate Judge's recommendations that (1) Guyton should be excused from filing a Rule 56(d) affidavit, (2) Defendants' motion should be treated as a motion to dismiss rather than a motion for summary judgment, (3) Guyton's FTCA claims should survive Defendants' motion to dismiss, and (4) Guyton's "assault claim" should survive Defendants' motion to dismiss. The Court will address each objection in turn.

Defendants' first and second objections address whether this Court should treat Defendants' motion as a motion to dismiss or a motion for summary judgment. The Magistrate Judge recommends this Court should treat Defendants' motion as a motion to dismiss rather a

3

motion for summary judgment. Report at 10-11. "Summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition." *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 at n.5 (1986). If a party believes that more discovery is necessary for it to demonstrate a genuine issue of material fact, the proper course is to file an affidavit pursuant to Rule 56(d) of the Federal Rules of Civil Procedure stating, "that it could not properly oppose a motion for summary judgment without a chance to conduct discovery." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996).

However, if the opposition to summary judgment "serve[s] as the functional equivalent of an affidavit and if the nonmoving party was not lax in pursuing discovery," the failure to file a Rule 56(d) affidavit may be excused. *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002). Defendants claim Guyton's failure to file a Rule 56(d) affidavit should not excused because Guyton's "conclusory statements are insufficient to be the 'functional equivalent' of an affidavit or declaration detailing 'specified reasons' why he cannot present facts essential to justify its opposition, as required by Rule 56(d). Objection at 3. However, Guyton has opposed Defendants' motion as premature and argued he "ought to have the opportunity to discover the facts supporting his claims." Plaintiff's Response in Opposition at 2. Given the liberal construction afforded to pro se litigants, this Court concludes Guyton's assertions in his response in opposition to Defendants' motion serves as the "functional equivalent" of a Rule 56(d) affidavit. Accordingly, the Court will overrule Defendants' first and second objections and will treat Defendants' motion as a motion to dismiss rather than a motion for summary judgment.

Defendants' next object to the Magistrate Judge's recommendation Guyton's FTCA claim against the United States based on Barsh's alleged sexual assault should survive Defendants' motion to dismiss. Objection at 7. However, Defendants concede they owed Guyton a duty to

4

provide reasonable care, and Guyton has alleged Barsh breached that duty when he sexually assaulted Guyton, and this breach caused him harm. At this stage of the litigation, the Court agrees with the Magistrate Judge that Guyton's FTCA claim against Barsh survives Defendants' motion to dismiss, and therefore, the Court will overrule Defendants' third objection.

Defendants' final objection concerns the Magistrate Judge's recommendation Guyton's assault claim survives Defendants' motion to dismiss because Defendants failed to address Guyton's assault claim. Objection at 7. Specifically, Defendants object "to the Magistrate Judge's characterization of the FTCA claims." *Id*. The Magistrate Judge, liberally construing Guyton's complaint, found Guyton asserted three claims under the FTCA: (1) assault based on Barsh's actions; (2) negligence based on Barsh's actions; and (3) negligence based on the remaining defendants' inaction. Report at 13, fn. 5. Defendants contend Guyton never specifically alleged a separate claim for assault in his complaint, but rather one claim for "violation of the FTCA by negligence." Objection at 8.

The Magistrate Judge appears to have liberally construed the second claim in Guyton's complaint as asserting two separate claims; one for assault and one for negligence. The Court agrees with the Magistrate Judge's construction of Guyton's complaint. In his second cause of action entitled "violation of the FTCA by negligence," Guyton states, "Defendant Barsh's actions of sexual assault constitutes negligence under the FTCA. Specifically, defendant Barsh's actions breach a duty owed to [Guyton] under the Prison Rape Elimination Act (PREA) which requires prison official[s] to adopt a zero-tolerance approach to sexual abuse." Complaint ¶ 34. Liberally construed, Guyton appears to claim Barsh (1) sexually assaulted him and (2) was negligent by violating the PREA when he committed the sexual assault. Therefore, the Court will overrule Defendants' fourth objection.

After a thorough review of the Report and the record in this case under the standards set forth above, the Court overrules both parties' objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.  Specifically, Defendants' motion to dismiss Guyton's Bivens claim and Guyton's FTCA claims against Blackwelder, Morales, and Jones is GRANTED, and Defendants' motion to dismiss Guyton's FTCA claims against the United States of America based on the sexual assault by Barsh is DENIED.

**IT IS SO ORDERED.**

Signed on this 28th day of August, 2019, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE