

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| ANDRE JAMAAL GUYTON, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No.: 8:18-00609-MGL |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Defendant. | § | |
| | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Andre Jamaal Guyton (Guyton), proceeding pro se, filed this action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), and the Federal Tort Claims Act (FTCA). The Court has jurisdiction over this matter under 28 U.S.C. § 1331.

Pending before the Court is the Magistrate Judge's Report and Recommendation (Report) suggesting this Court grant Defendant United States of America's (the USA) motion for summary judgment. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the Court

1

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

 "A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Court will address each specific objection to the Report in turn, but the Court need not—and will not—address any arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report. *See Orpiano*, 687 F.2d at 47.

The Magistrate Judge filed the Report on February 21, 2020. Guyton filed his Objections to the Report (Objections) on March 11, 2020. The Court has reviewed the Objections but holds them to be without merit. It will therefore enter judgment accordingly.

Guyton brings this action alleging his rights were violated during a pat down search while incarcerated. He claims a prison guard, while transporting him to the law library, performed a pat down search, during which he grabbed Guyton's genitalia. The Court previously dismissed Guyton's other claims. All that remains is his FTCA claim against the USA regarding this search.

In the spirit of the liberal construction of pro se filings the Court can discern two objections. Guyton first argues the USA waived the ability to raise its current defense—the inapplicability of the FTCA to the case because Guyton failed to establish a showing of physical injury or the commission of a sexual act, a required element of a claim under the FTCA. Guyton contends the

USA should have raised it sooner.  It is unclear from Guyton's filing when he believes the USA should have raised the argument.

Subsumed in this is his argument the Court purportedly already denied summary judgment on this defense.  As a factual matter, Guyton is incorrect regarding the previous order. The Court made clear its prior ruling on whether Guyton's claim met the FTCA requirements was to be treated as a ruling on a motion to dismiss rather than a motion for summary judgment.  *See Guyton v. United States*, 18-609, 2019 WL 4051689, at *2 (D.S.C. Aug. 28, 2019) ("Accordingly, the Court will overrule Defendants' first and second objections and will treat Defendants' motion as a motion to dismiss rather than a motion for summary judgment.").

Substantively, Guyton's argument fails as well.  Summary Judgment is the stage of litigation where parties "identify[] each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a).  The Rule requires a court to grant the motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*  The USA properly raised the issue in its motion and therefore the issue is properly before the Court.  Accordingly, the Court will overrule Guyton's first objection.

Guyton's second objection targets the Magistrate Judge's statement an FTCA claim fails with allegations of merely sexual conduct.  Preliminarily, the FTCA gives federal district courts exclusive jurisdiction over "civil actions on claims against the United States, for money damages, . . . for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).  The act further clarifies:

> No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an

agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18).

*Id.* § 1346(b)(2). Guyton has never claimed to have suffered physical injury from his interaction with the prison guard, rather arguing the incident caused him to suffer from "post-traumatic stress, emotional distress, and loss of sleep at night." Ex. F to the Compl.

The Code defines sexual act as, in pertinent part, "the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(2)(D). Importantly, the same section of the code has a separate definition for sexual conduct, "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." *Id.* § 2246(3).

Guyton alleges, during a pat down search over his clothes, the corrections officer grabbed his genitalia. Thus, this action, although meeting the definition of sexual conduct, fails to satisfy the criteria for sexual act. Because the FTCA requires a sexual act, rather than sexual conduct, the Magistrate Judge correctly advised the Court to grant summary judgment on the claim. Accordingly, the Court will overrule this objection.

After a thorough review of the Report and the record in this case under the standards set forth above, the Court overrules Guyton's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court the USA's motion for summary judgment is **GRANTED**. Further, Guyton's motions for judgment on the pleadings and to appoint counsel are **DEEMED MOOT**.

**IT IS SO ORDERED.**

Signed on this 21st day of July 2020 in Columbia, South Carolina.


s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE


*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the

date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.